UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| NATHAN KENT LUMBARD, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 14-CV-69-HRW |
| ) | |
| v. ) | |
| ) | |
| MICHAEL SEPANEK, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Nathan Kent Lumbard is a prisoner confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI") located in Ashland, Kentucky. Proceeding without counsel, Lumbard has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] Lumbard has also filed a motion to expedite this proceeding. [D. E. No. 2]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Lumbard's petition

under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Lumbard's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Lumbard may not pursue his claims in a habeas corpus proceeding under § 2241.

## ALLEGATIONS OF THE PETITION

Lumbard alleges that in late March 2013, while he was confined in FCI-Ashland, he reported "a sudden rapid deterioration of his vision," but that he "did not receive any treatment or follow-up attention for the complaint." [D. E. No. 1, p, 2] In April 2013, Lumbard was transferred to jails located in both Indiana and Michigan because he was facing criminal charges in those states, and he alleges that while confined in those facilities, he "...made medical personnel in the jails...aware of his condition, but he did not receive medical treatment." [*Id.*, para. 5] Lumbard states that on November 5, 2013, he was finally examined by an ophthalmologist; that on January 16, 2014, he was examined by a neurologist; and that on January 31, 2014, he underwent an MRI test. [*Id.*, p. 3, para. 7-8] Lumbard alleges that the MRI test revealed that he is suffering from multiple

sclerosis, a progressive and degenerative disease which affects the central nervous system. [*Id.*, para. 8-9]

Lumbard states that on February 11, 2014, he was transferred back to FCI-Ashland, and alleges that after arriving there, Dr. Kenneth J. Gomez, FCI-Ashland Chief Medical Officer, told him that "…the failure to follow-up on [his] early symptoms and to provide early diagnosis and treatment for his condition has resulted in permanent and irreversible damage." [*Id.*, para. 10] Lumbard claims that although the FCI-Ashland medical staff and the BOP are aware that he is suffering from multiple sclerosis, both entities are withholding the necessary medical treatment for his condition.

Lumbard asserts that the failure and/or refusal of both the prison medical staff and the BOP to properly treat his medical condition violates his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution; his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment of the U.S. Constitution; and his right to "safekeeping" set forth in 18 U.S.C. § 4042. Lumbard further alleges that there are no administrative remedies available to him. [*Id.*, p. 4, para. 12] Lumbard seeks a writ of habeas corpus directing the BOP to provide him with "medical treatment and care consistent with his diagnosed medical condition." [*Id.*, p. 5]

3

## DISCUSSION

Lumbard may not obtain the relief which he is seeking, *i.e.*, an order instructing the FCI-Ashland medical staff and/or the BOP to treat his multiple sclerosis condition, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The only claims which a federal prisoner can properly submit under § 2241 are those challenging the execution of his sentence, such as the manner in which the BOP has computed his sentence credits or determined his parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Lumbard is not, however, challenging the manner in which the BOP is executing his sentence; he is alleging that the BOP refuses to provide him with proper medical treatment, in violation of his various constitutional rights and in violation of 18 U.S.C. § 4042. His claim therefore pertains to the conditions of his confinement at FCI-Ashland. Habeas corpus relief is not available to prisoners who are complaining about the conditions of their confinement or alleged mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal

court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F.Supp.2d at 718 (quoting *Maddux v. Rose*, 483 F.Supp. 661, 672 (E.D. Tenn.1980)). A claim alleging the denial of medical treatment in violation of the Eighth Amendment must be brought in a civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The filing fee for such an action is $400.00, although Lumbard may seek pauper status and ask to pay that fee in installments.

Further, Lumbard incorrectly asserts that no administrative remedies are available to him. The BOP's four-tiered administrative remedy process is indeed "available" to Lumbard, and the four steps of that process are set forth in detail in 28 U.S.C. §§ 542.10-19. Further, Lumbard is advised that if he intends to file a *Bivens* action challenging any condition of his confinement, such as the alleged denial of proper medical treatment, his compliance with the BOP's administrative process is mandatory. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532, (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). If Lumbard intends to file a civil action demanding specific medical treatment, he must fully exhaust that claim through the BOP's four administrative levels.

Lumbard's § 2241 petition will be dismissed without prejudice to his right to file a civil rights action fully exhausting his medical claims. Lumbard's motion to expedite this proceeding [D. E. No. 2] therefore will be denied as moot.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Nathan Kent Lumbard's 28 U.S. C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED.**

2. Lumbard's motion to expedite this proceeding [D. E. No. 2] is **DENIED** as **MOOT**.

3. The Court will enter an appropriate Judgment.

4. This matter is **STRICKEN** from the docket.

This April 30, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge